United States District Court
Eastern District of Michigan

Michael McGuire,

       Petitioner,                          Case No. 25-cv-12334

       -vs-

                                      Hon. Laurie J. Michelson

Eric Rardin, Warden,

       Respondent.

_____/

**Motion, and Brief in Support, to Extend Time to File Response**

Michael McGuire filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1: Petition, PageID.1–28). The Court ordered the government to respond by December 2, 2025. (ECF No. 4: Order, PageID.31). In his petition, McGuire seeks for a recalculation and immediate application of all earned Federal Time Credits (FTCs), as well as any credits earned from the Second Chance Act, so he can be released to prerelease custody, such as a residential reentry center or halfway house. (ECF No. 1: Petition, PageID.1).

But since McGuire filed his petition, the Bureau of Prisons has advised government counsel that McGuire will be transferred to a residential reentry center (RRC) in Cedar Rapids, Iowa, on December 17, 2025. (Exh. 1: Destination, p. 1). To date, McGuire is being housed at FCI Milan. *See* BOP's Inmate Locator: https://www.bop.gov/inmateloc/, accessed on November 25, 2025. Thus, any

response the government prepares will be accurate as to his custodial status only through December 2. This would necessitate supplemental briefing to inform the Court of McGuire's updated custodial status and would expend unnecessary additional judicial resources unless a brief extension is granted.

      Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), and for good cause shown, the government respectfully requests a brief extension, to December 22, 2025, to file its response or a motion to dismiss the habeas petition as moot. Concurrence was not obtained but is not required. LR 7.1(2)(D).

Respectfully submitted,

Jerome F. Gorgon, Jr.
United States Attorney

/s/ Julie A. Beck
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9717
julie.beck@usdoj.gov

Dated: November 25, 2025

2

United States District Court
Eastern District of Michigan

Michael McGuire,

      Petitioner,                          Case No. 25-cv-12334

      -vs-

                                            Hon. Laurie J. Michelson

Eric Rardin, Warden,

      Respondent.
_____/

**Brief in Support of Motion to Extend Time to File Response**

      Michael McGuire's habeas petition filed under 28 U.S.C. § 2241 alleges that he is entitled to immediate release to prerelease custody, such as home confinement or a residential reentry center, based on his calculation of various credits he has earned while incarcerated at FCI Milan which he claims have not been applied to reduce his custodial sentence. (ECF No. 1: Petition, PageID.1). The government has been working with the Bureau of Prisons to prepare a response.

      Counsel for the Bureau of Prisons advised government counsel that McGuire will be transferred to prerelease custody, specifically to a residential reentry center (RRC), in Cedar Rapids, Iowa, on December 17, 2025. (Exh. 1: BOP Destination). Thus, any response brief filed by the current deadline of December 2 would reference that McGuire's custodial status is at FCI Milan, but it would be

3

inaccurate about two weeks later. Moreover, once McGuire is transferred to prerelease custody, the government asserts that his petition would be moot.

To provide the Court with the most efficient and accurate response, the government requests a brief extension of the response period to include December 22, 2025. Because McGuire's custodial status will change shortly after the current response deadline, extending the response time will result in judicial efficiency and will allow the government to respond more accurately and efficiently to McGuire's petition. This constitutes "good cause" under Fed.R.Civ.P. 6(b)(1)(A).

The district court's discretion under Rule 6 may include consideration of "the moving party's diligence in attempting to meet the deadline" and "prejudice to the nonmoving party." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th. Cir. 2002). The government has been diligent in seeking this extension. This motion is filed several days before the deadline. As for any prejudice to McGuire, he will not suffer any if the government's brief is accurate, but he may be prejudiced if the government's brief is premature and therefore not responsive. Moreover, McGuire has 45 days after the government's response to file a reply, which suggests that the Court would not make a determination on his petition until after he files a reply. All of this supports that there is good cause to extend the time for the government to file a response. Fed.R.Civ.P. 6(b)(1)(A).

Because Mr. McGuire is incarcerated and representing himself, the government did not obtain concurrence, but it is not required because of his status as a pro se prisoner. LR 7.1(2)(D).

Based on the foregoing, the government respectfully requests an extension to file its response brief on or before December 22, 2025.

                                           Respectfully submitted,

                                           Jerome F. Gorgon, Jr.
                                           United States Attorney

                                           /s/ Julie A. Beck
                                           Assistant United States Attorney
                                           211 W. Fort Street, Suite 2001
                                           Detroit, MI 48226
                                           (313) 226-9717
                                           julie.beck@usdoj.gov

Dated: November 25, 2025

**Certificate of Service**

I certify that on November 25, 2025, I electronically filed this motion to dismiss with the Clerk of the Court using the ECF system, and I certify that I have mailed by United States Postal Service the attached paper to the following non-ECF participant:

>Michael McGuire, Reg. #18277-029
>FCI Milan
>P.O. Box 1000
>Milan, MI 48160

>/s/ Julie A. Beck
>Assistant United States Attorney

6