United States District Court
Eastern District of Michigan

Michael McGuire (Reg. #18277-029),

             Petitioner,                              Case No. 25-cv-12344

             -vs-
                                                      Hon. Laurie J. Michelson
Eric Rardin, Warden,

             Respondent.
_____/.

## Response to Petition for Writ of Habeas Corpus

Michael McGuire asked this Court to recalculate and then apply his earned Federal Time Credits (FTCs), as well as his Second Chance Act (SCA) credits, and transfer him to prerelease custody. But he has already been released to the custody of the Residential Reentry Management Field Office (RRM) in Minneapolis, Minnesota, so his petition should be dismissed as moot.

Alternative arguments likewise provide a basis for the Court to deny his petition: failure to exhaust administrative remedies and failure to state a proper claim for relief under 28 U.S.C. § 2241.

## Background

In 2021, McGuire was convicted of four counts of cyberstalking, in violation of 18 U.S.C. § 2261A(2), in the Northern District of Iowa. He was sentenced to 120 months in prison followed by three years of supervised release. (Exh. 1:

Judgment, Northern District of Iowa, Case No. 6:19-CR-2-75, ECF No. 126, pp. 2–3; Exh. 2: Cannon Declaration, ¶ 4).

McGuire was serving his term of imprisonment at FCI Milan when, in August 2025, he filed a petition for habeas corpus under 28 U.S.C. § 2241. (ECF No. 4-1: Petition, PageID.32–59). McGuire demanded that, based on a memorandum issued by BOP's Director William K. Marshall, the BOP recalculate his sentence to fully account for his Second Chance Act (SCA) and First Step Act (FSA) credits and transfer him to prerelease custody, and that failure to do so would violate the First Step Act. (*Id.* at PageID.32, 40). McGuire started the administrative process at FCI Milan, but he did not complete it. (Exh. 3: BOP Administrative Remedy Record; Exh. 2: Cannon Declr., ¶ 11).

McGuire's full term release date is November 26, 2029, and he has a projected release date of June 5, 2027 based on the First Step Act. (Exh. 2: Cannon Declr., ¶ 6).  McGuire was transferred to prerelease custody on December 17, 2025. (*Id.*).

## Argument

### I.   McGuire's petition should be dismissed as moot.

As of the date of this filing, McGuire has been released from FCI Milan to the custody of the RRM in Minneapolis, Minnesota. (Exh. 2: Cannon Declr., ¶ 6; Exh. 4: BOP Inmate Locator, https://www.bop.gov/inmateloc/, last accessed on

December 18, 2025). *Marshek v. Eichenlaub*, 266 F. App'x 392, 392 (6th Cir. 2008) (taking judicial notice of information retrieved from BOP's inmate locator). Therefore, this Court should dismiss his petition as moot because there is no active case or controversy to adjudicate, and McGuire has received the relief he requested. *See Thompson v. DeWine*, 7 F.4th 521, 523 (6th Cir. 2021) (explaining that courts adjudicate "only genuine disputes between adverse parties, where the relief requested would have a real impact on the legal interests of those parties" and thus "if the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome, then the case is moot and the court has no jurisdiction") (cleaned up)).

## II.   McGuire's petition also fails on the merits.

### A. McGuire failed to exhaust his administrative remedies.

While McGuire began the administrative process, he did not complete it. (Exh. 3: Administrative Remedy Record; Exh. 2: Cannon Declr., ¶ 11). His failure to exhaust renders the petition invalid if the Court reaches the merits.

The Bureau of Prisons' administrative remedy process allows an inmate to seek formal review of a complaint relating to any aspect of his confinement. *See* C.F.R. § 542.10 *et seq.* If the inmate objects to the administrative result, he may appeal within BOP's system. Only after exhaustion of the administrative process may an inmate seek redress in the federal courts. *United States v. Wilson,* 503 U.S.

3

329, 334-36 (1992); *Luedteke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013);

*Fazzini v. v. Northeast Ohio Corr. Ctr.,* 473 F.3d 229, 231 (6th Cir. 2006); 28

C.F.R. § 542.10 *et seq*. These same exhaustion rules govern a prisoner's request to

require the BOP to apply credits against his sentence. That request "is not ripe for

review until the BOP has ruled on a defendant's request for credit." *United States*

*v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996).

Exhaustion protects "administrative agency authority" and "promotes

efficiency." *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (citing *McCarthy v.*

*Madigan,* 503 U.S. 140, 145 (1992)). This exhaustion requirement allows "the

Bureau of Prisons . . . the opportunity to consider the application of its policy to [a

prisoner's] claim before the matter is litigated in the federal courts," *Urbina v.*

*Thoms*, 270 F.3d 292, 295 n.1 (6th Cir. 2001), and it "gives an agency an

opportunity to correct its own mistakes with respect to the programs it administers

before it is haled into federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).

Here, McGuire did not exhaust his administrative remedies, so the petition

could be dismissed on this ground as well. BOP has no records showing that

McGuire completed the administrative process. (Exh. 3: Administrative Remedy

Record; Exh. 2: Cannon Declr., ¶ 11). BOP is required to log all requests and

appeals in the administrative process in SENTRY, BOP's administrative database.

(Exh. 2: Cannon Declr., ¶ 10). McGuire states that he started the administrative

4

process but did not pursue any additional appeal because it would have been futile. (Petition, ECF No. 4-1, PageID.36). But "[a] prisoner's subjective belief that a procedure is ineffective or futile is not enough to excuse exhaustion." *Gratton v. United States*, No. 22-10429, 2022 WL 3130219, at *2 (E.D. Mich. Aug. 4, 2022) (Levy, J.) (citing *Pack v. Martin*, 174 F. App'x 256, 262 (6th Cir. 2006) (Clay, J., concurring in part)); *Davila v. Hemingway*, No. 2:21-CV-10941, 2022 WL 17409614, at *1 (E.D. Mich. Nov. 4, 2002). An inmate "cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999); *see also Otero v. Dove,* 23 F.3d 407 (table), 1994 WL 175771 (6th Cir. May 9, 1994) (affirming summary dismissal of § 2241 petition where federal prisoner did not attempt to exhaust administrative remedies and claimed futility); *Bey v. Pearson*, No. 2007 WL 148775, *2 (W.D. Tenn. Jan. 9, 2007) (finding conclusory allegation of futility was insufficient to excuse exhaustion and dismissing § 2241 petition); *Thetford Prop. IV Ltd. P'ship v. United States Dep't of Hous. & Urban Dev.*, 907 F.2d 445, 450 (4th Cir. 1990) (allowing a petitioner to avoid the administrative process based on a conclusory assertion "would allow the futility exception to swallow the exhaustion rule"). Failure to exhaust is an alternative ground on which McGuire's petition could be dismissed.

5

**B.  Background on The First Step Act and Second Chance Act.**

The First Step Act of 2018 created a new type of time credits for prisoners,

separate and apart from good-time credits. *See* First Step Act of 2018, Pub. L. No.

115-391, 132 Stat. 5194. Under this program, eligible prisoners who successfully

complete "evidence-based recidivism reduction programs" and other "productive

activities" can earn FSA Federal Time Credits, commonly known as FTCs. *See* 18

U.S.C. § 3632(d)(4)(A). When applied near the conclusion of a sentence, FTCs can

be used to accelerate the date on which the prisoner is transferred from prison to

pre-release custody (such as a residential reentry center or home confinement) or

supervised release. *See* 18 U.S.C. § 3632(d)(4)(C). But not all prisoners are eligible

to earn FTCs under the First Step Act. *See* 18 U.S.C. § 3632(d)(4)(D). For

example, a prisoner convicted of distributing controlled substances under 21

U.S.C. § 841(b)(1) who receives an enhancement under the sentencing guidelines

for their role in that offense is not eligible. *See* 18 U.S.C. § 3632(d)(4)(D)

(lxviii)(II). Neither is a prisoner eligible who was convicted of possessing a firearm

in furtherance of a drug trafficking offense under 18 U.S.C. § 924(c). *See* 18

U.S.C. §§ 3632(d)(4)(D)(xxii).

The BOP also assesses each inmate individually under the Second Chance

Act of 2008 (SCA) to determine whether they might qualify for up to 365

additional days of early transfer to pre-release custody. The SCA grants authority

to the BOP to determine an inmate's eligibility for RRC placement. *See* Second Chance Act of 2008, Pub. L. No. 110-199, § 251(a), 122 Stat. 657, 692–93 (April 9, 2008), 18 U.S.C. § 3624(c). The statute provides that "to the extent practicable," the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c). The decision to place an inmate in pre-release community confinement under the SCA is discretionary and will be "determined on an individual basis" according to the five factors contained in 18 U.S.C. § 3621(b)—known as "five factor review." 73 Fed. Reg. 62,440, 62,441–42 (Oct. 21, 2008). These factors include: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission. *See* 18 U.S.C. § 3621(b).

But placement under the SCA is not mandatory—only discretionary. "[T]he Second Chance Act does not guarantee a one-year RRC placement, but only directs the BOP to consider placing an inmate in a RRC for up to the final twelve months of his or her sentence." *Lovett v. Hogsten*, No. 09-5605, 2009 WL 5851205, at *2 (6th Cir. Dec. 29, 2009); *see also Demis v. Sniezek*, 558 F.3d 508, 513–14 (6th Cir.

7

2009). Indeed, "the decision to place a prisoner in an RRC is still made by the BOP based on the five-factor test provided under 18 U.S.C. § 3621(b)" and that decision "was and remains discretionary, not mandatory." *United States v. Thelen*, No. 97-20015, 2019 WL 5616946, at *1 (E.D. Mich. Oct. 31, 2019). Although the BOP is "authorized to place an inmate in home confinement or [RRC]," an inmate is "not entitled to such placement at any time," and his only "entitlement is an individual evaluation for placement at a [RRC] consistent with the factors set forth in 18 U.S.C. § 3621." *Mallett v. Shartle*, No. 4:10–CV–1057, 2011 WL 3289463, at *2 (N.D. Ohio Aug. 1, 2011).

As noted by BOP Case Manager M. Cannon, McGuire was awarded 365 days of FSA Time Credits toward early transfer from BOP custody to supervised release. (Exh. 2, Cannon Declr., ¶ 5). McGuire also earned 310 additional days of credits that were applied to early transfer to prerelease custody, and he was considered under the SCA. (*Id.*). McGuire was designated to the Minneapolis, Minnesota RRM and was transferred there on December 17, 2025. (*Id.* at ¶ 6). McGuire received the benefits provided under the FSA and SCA.

### C. Petitions seeking transfer to another facility are not properly brought under 28 U.S. C. § 2241.

Habeas corpus is the proper vehicle when a prisoner is challenging the fact or duration of his confinement and is seeking an immediate or speedier release from custody. *See* 28 U.S.C. § 2241(c)(3); *Preiser v. Rodriquez*, 411 U.S. 475, 490

8

(1973). But "claims seeking relief in the form of . . . transfer to another facility are

not properly brought under § 2241[.]" *Wilson v. Williams*, 961 F.3d 829, 838 (6th

Cir. 2020); *see also United States v. Sanders*, No. 19-20191, 2021 WL 510195, at

*2 (E.D. Mich. Feb. 11, 2021). Indeed, the "designation of a place of

imprisonment" is "not reviewable by any court." 18 U.S.C. § 3621(b).

Thus, when a prisoner seeks "a transfer to prerelease custody," there is "no habeas

jurisdiction." *Wessels v. Houden*, No. 23-cv-1266 (WMW/ECW), 2023 WL

7169154, at *1 (D. Minn. June 22, 2023), *report and recommendation adopted*,

2023 WL 7168926 (D. Minn. Oct. 31, 2023). That is because designation of a

place of confinement is "within the exclusive purview of the BOP." *United States

v. Morris*, No. 15-20283, 2020 WL 7056045, at *1 (E.D. Mich. Dec. 2, 2020).

Because McGuire has not raised a claim that is cognizable under § 2241, this Court

could dismiss the petition for lack of jurisdiction. *See, e.g.*, *Vendrell-Santiago v.

Rivers*, No. 3:22-cv-2261, 2023 WL 11760821, at *2 (N.D. Tex. Oct. 13, 2023,

*report and recommendation adopted*, 2024 WL 2702665 (N.D. Tex. May 24,

2024) (finding jurisdiction lacking under § 2241 because the prisoner's "request

for immediate placement in pre-release custody challenges a placement decision

*not* the fact or duration of his confinement"); *see also Gant v. King*, No. 23-CV-

1766, 2023 WL 6910771, at *3 (D. Minn. Oct. 19, 2023) ("Gant's claim that

Section 3632(d)(4) requires that his FSA time credits apply toward his prerelease

custody addresses the place of his detention."). Failure to state a cognizable claim under § 2241 provides yet another ground for denial of McGuire's petition.

## Conclusion

McGuire's petition should be dismissed as moot, with prejudice, because he has been transferred to prerelease custody already.

Alternatively, his petition could be dismissed for failure to exhaust his administrative remedies or based on his failure to state a proper basis for habeas relief under § 2241.

Respectfully submitted,

Jerome F. Gorgon Jr.
United States Attorney

/s/ Julie A. Beck
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9717
julie.beck@usdoj.gov

Dated: December 18, 2025

**Certificate of Service**

I certify that on December 18, 2025, I electronically filed this Response to Petition with the Clerk of the Court using the ECF system, and I certify that I have mailed by United States Postal Service the attached paper to the following non-ECF participant:

> Michael McGuire, Reg. #18277-029
> RRM Minneapolis
> Residential Reentry Office
> 300 South 4th St, Suite 1210
> Minneapolis, MN  55415

> /s/ Julie A. Beck
> Assistant United States Attorney