UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL McGUIRE,

    Petitioner,

v.

ERIC RARDIN, WARDEN FCI MILAN,

    Respondent.

Case No. 25-12334
Honorable Laurie J. Michelson

### ORDER DISMISSING HABEAS PETITION [1] AS MOOT

Michael McGuire pled guilty in the Northern District of Iowa to four counts of cyberstalking. (ECF No. 10-2.) He was recently serving his 120-month prison sentence at the Federal Correctional Institution (FCI) in Milan, Michigan. Proceeding without counsel, McGuire filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 29, 2025, alleging that the Federal Bureau of Prisons misapplied his Earned Time Credits under the First Step Act (FSA) and failed to timely release him to prerelease custody, i.e., a community correctional facility or home confinement, under the Second Chance Act (SCA). (ECF No. 1.) The SCA provides that "to the extent practicable," the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c). The decision to place an inmate in such prerelease

community confinement, however, is discretionary and will be "determined on an individual basis" according to the five factors contained in 18 U.S.C. § 3621(b)—known as "five factor review." 73 Fed. Reg. 62,440, 62,441–42 (Oct. 21, 2008).

McGuire's petition sets forth a "chronology of the malfeasance" that he believes shows he "has been challenged and lied to at every turn, when he simply wants to go home on the date he was given as his out date from prison to home confinement or halfway house placement." (ECF No. 1, PageID.6.) He thus "seeks an order from this Court directing the BOP and Warden Rardin to follow BOP policy and congressional intent by applying all credits to his sentence and releasing him to 'immediate home confinement' within 10 days" of the order. (*Id.* at PageID.11.)[1]

Attached to McGuire's petition is a June 17, 2025, policy memorandum and press release from the BOP "directing the robust and comprehensive implementation of both the *First Step Act of 2018* and the *Second Chance Act of 2008*." (*Id.*, PageID.23–24.) Among other things, the new directive was intended to ensure that "FSA Earned Time Credits and SCA eligibility will be treated as cumulative and stackable, allowing qualified individuals to serve meaningful portions of their sentences in home confinement when appropriate." (*Id.* at PageID.24.)

The government responded to McGuire's habeas petition on December 18, 2025. (ECF No. 10.) The government advised that on December 17, 2025—one day

---

[1] When McGuire was still not released from Milan on October 23, 2025, he amended his petition by providing an FSA time credit assessment document depicting a maximum statutory home confinement placement date of October 16, 2025. (ECF Nos. 6, 11.)

prior to its responsive filing—McGuire was released from Milan to the custody of the Residential Reentry Management (RRM) Program in Minneapolis, Minnesota, i.e., to prerelease community confinement. (*Id.* at PageID.82.) The government attaches the declaration of a Milan case manager explaining McGuire's various release dates based on the FSA and SCA credits he earned, and confirming that he would be transitioning to prerelease custody on December 17, 2025. (ECF No. 10-3.) On one hand, the government questions whether McGuire's request to be transferred to prerelease custody is even cognizable under § 2241, (ECF No. 10, PageID.88–90), and, if so, whether his failure to exhaust administrative remedies is excusable (*id.* at 83–85). On the other hand, the government contends that McGuire's petition is moot because he has received his requested relief—transfer to prerelease custody. (*Id.* at PageID.88, 90.)

The Court agrees with the government that McGuire's petition is moot, i.e., "the issues presented are no longer 'live.'" *Int'l Union, United Auto., Aerospace, Agr. & Implement Workers of Am. v. Dana Corp.*, 697 F.2d 718, 721 (6th Cir. 1983) (citation omitted); *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992); *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009).

On December 18, 2025, the government served its response on McGuire at the RRM in Minneapolis. (*Id.* at PageID.91.) After waiting over three weeks since that date, the Court has still not received a timely reply from McGuire. Thus, as McGuire has been released from FCI Milan to prerelease custody, his petition against the Milan warden seeking that relief (ECF No. 1) is hereby DISMISSED AS MOOT. *See*

3

*Marshek v. Eichenlaub*, 266 F. App'x 392, 392–93 (6th Cir. 2008) (dismissing a habeas petition as moot when the petitioner sought to be transferred to a halfway house and he received this relief while the appeal was pending); *Antoine v. Rardin*, No. 24-12462, 2025 WL 968285, at *2 (E.D. Mich. Mar. 31, 2025) (finding that a prisoner's petition for prerelease custody was mooted when he was placed in prerelease custody); *Brown v. Rardin*, No. 24-12368, 2025 WL 1226308, at *1 (E.D. Mich. Apr. 28, 2025) (same); *Stukes v. Rardin*, No. 24-12926, 2025 WL 1888559, at *1 (E.D. Mich. June 9, 2025) (same).[2]

**IT IS SO ORDERED**.

Dated: January 12, 2026

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE

---

[2] With respect to McGuire's request to be released to home confinement, the *Antoine* court helpfully explained that "Congress defines prerelease custody as home confinement or placement in a residential reentry center. 18 U.S.C. § 3624(g)(2)." *Antoine*, 2025 WL 968285, at *2. And "'[a]lthough Congress has authorized the BOP to utilize either or both of these types of pre-release custody, it does not prescribe when one should be used rather than the other, nor does it mandate the use of home confinement. Instead, this is left to the discretion of the Bureau of Prisons, and there is no statutory requirement that any inmate be designated to home confinement for any portion of his sentence.'" *Id.* (quoting *Frierson v. Rardin*, No. 24-12456, 2025 WL 410072, at *5 (E.D. Mich. Feb. 5, 2025)).